1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

10

JOHN BUFFUM and KRISTINE BUFFUM, husband
and wife,

No.

11

                                        Plaintiffs,

COMPLAINT FOR DAMAGES
RESULTING FROM PERSONAL
INJURIES

12

            v.

13
14
15
16
17
18

EMCOR FACILITIES SERVICES, INC., a foreign
corporation, J&J MAINTENANCE, INC., a foreign
corporation, ABM GOVERNMENT SERVICES,
LLC, a foreign limited liability company, f/k/a BMAR
& ASSOCIATES, LLC, f/k/a LINC GOVERNMENT
SERVICES, LLC, d/b/a EJB FACILITIES
SERVICES, a foreign joint venture; EJB FACILITIES
SERVICES, a foreign joint venture; LARRY
CARTER and JANE DOE CARTER, husband and
wife, and the marital community composed thereof,

19

                                        Defendants.

20
21

        COME NOW the Plaintiff s, John Buffum and Kristine Buffum, by and through their

22

attorney Michael E. McAleenan of Smith Alling, P.S., and hereby allege and claim as follows:

23

COMPLAINT FOR DAMAGES RESULTING
FROM PERSONAL INJURIES – Page 1

**SMITH** | **ALLING** PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

# I.   PARTIES, JURISDICTION AND VENUE

1.1    At all times material hereto, Plaintiffs John and Kristine Buffum were husband and wife constituting a marital community under the laws of the State of Washington residing in Bremerton, Kitsap County, Washington.

1.2    At all times material hereto, Defendant EMCOR Facilities Services, Inc. ("EMCOR") is a Delaware corporation, and is a partner in EJB Facilities Services ("EJB"), a joint venture doing business in the State of Washington.

1.3    At all times material hereto, Defendant J&J Maintenance Services, Inc. (J&J) is a Texas company, and is a partner in EJB, a joint venture doing business in the State of Washington.

1.4    At all times material hereto, Defendant ABM Government Services, LLC ("ABM"), is a Kentucky limited liability company, and is a partner in EJB, a joint venture doing business in the State of Washington.

1.5    Defendant ABM was formerly known as BMAR & Associates, LLC ("BMAR"), which name change was made September 5, 2012.

1.6    Defendant BMAR was formerly known as Linc Government Services, LLC ("Linc"), which name change was made July 16, 2008.

1.7    At all times material hereto, Defendant EJB Facilities Services is a foreign joint venture doing business in the State of Washington.

1.8    At all times material hereto, Defendants Larry Carter and Jane Doe Carter were husband and wife constituting a marital community under the laws of the State of Washington residing in Kitsap County, Washington.

COMPLAINT FOR DAMAGES RESULTING
FROM PERSONAL INJURIES – Page 2



SMITH | ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

1.9     Any and all acts performed by Defendant Larry Carter or Jane Doe Carter were performed for and on behalf of the marital community, incurring separate and community liability, or in the alternative, on behalf of the family.

1.10    Defendant Larry Carter was an employee of EJB Facilities Services and acting within the scope of his employment with EJB Facilities Services.

## II.    JURISDICTION AND VENUE

2.1     Plaintiff realleges and incorporates paragraphs 1.1 through 1.10 above.

2.2     This is a civil action in which this Court has original jurisdiction under 28 USC § 1331 over litigation arising from federal enclaves.

2.3     Federal enclaves are places in which Congress exercises exclusive legislative authority under the Constitution.  See U.S. CONST. Art. I, Section 8, clause 17.  The NUWC Keyport Naval Base is a federal enclave, over which the United States has exclusive jurisdiction.

2.4     Because Plaintiffs' injury occurred on a federal enclave, this Court has exclusive jurisdiction over this action under 28 USC § 1331.

2.5     Jurisdiction in this Court also exists under 28 USC § 1331 through 16 USC § 457, which grants federal jurisdiction but applies state law to personal injury actions occurring on federal property.

2.6     Jurisdiction is also proper in this Court under 28 USC § 1442(a)(1), which provides that "any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may be placed in federal court.

COMPLAINT FOR DAMAGES RESULTING
FROM PERSONAL INJURIES – Page 3



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

2.7    The alleged incident in question involves a driver of a vehicle for EJB negligently striking a pedestrian, John Buffum, at the NUWC Keyport Naval Base. Therefore, jurisdiction is also proper under 28 USC § 1442(a)(1).

2.8    This Court is the United States District Court for the district embracing the venue of the incident in question.

## III.   FACTUAL BACKGROUND

3.1    Plaintiff realleges and incorporates paragraphs 1.1 through 2.8 above.

3.2    In February 2006, Defendants EMCOR, J&J, BMAR, and Linc, doing business as EJB Facilities Services, a joint venture, entered into an eight year contract with the United States to provide base operations to support naval facilities in the western Puget Sound area of Washington State, including the Naval Undersea Warfare Center ("NUWC") in Keyport, Washington.

3.3    On September 6, 2012, Defendants EMCOR, J&J, BMAR, and Linc, doing business as EJB, were engaged in carrying out this contract at the NUWC Keyport Base in Keyport, Washington.  Defendant Larry Carter was employed by EJB on September 6, 2012, and working as a truck driver.

3.4    Plaintiff John Buffum works for NUWC Keyport as an Industrial Specialist -- Multiple Buildings Facilities Manager.

3.5    At approximately 1:30 pm on September 6, 2012, Plaintiff and James Frankiewicz flagged down Hans Torrance, who was driving a 2012 Toyota Tacoma, to speak with him.  Mr. Torrance was driving northbound on Esplanade Street along the north side of

COMPLAINT FOR DAMAGES RESULTING
FROM PERSONAL INJURIES -- Page 4

SMITH | ALLING PS
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

1    Building 514.  Mr. Torrance stopped in the northbound lane, and Messrs. Buffum and

2    Frankiewicz walked over to speak with him.

3         3.6     Defendant Larry Carter was driving a 1997 Ford CF8 flatbed, and stopped

4    behind Mr. Torrance's vehicle.  Defendant Carter attempted to drive around Mr. Torrance's

5    vehicle but passed too close to Mr. Torrance's vehicle leaving inadequate room for Plaintiff

6    Buffum due to steel tie down hooks protruding from the right side of Defendant Carter's

7    vehicle.

8         3.7     Plaintiff Buffum attempted to avoid being struck by Defendant Carter's

9    vehicle, but was struck on his head by the tie downs, and then got spun around by the

10   outboard tire after it struck Plaintiff's shoulder.  The force of the strike pushed Plaintiff

11   Buffum in front of Mr. Torrance's vehicle and his head injury began bleeding immediately.

12        3.8     The vehicle being driven by Defendant Carter was owned or registered to

13   Defendant EJB Facilities.

14        3.9     Defendant Carter failed to keep a proper lookout.

15           **IV.   FIRST CAUSE OF ACTION – NEGLIGENCE**

16        4.1     Plaintiff realleges and incorporates paragraphs 1.1 through 3.9 above.

17        4.2     Plaintiff was injured in the collisions mentioned above.

18        4.3     The collision occurred as a result of Defendants' negligence.

19        4.4     At the place and time previously mentioned, Defendant Carter failed to

20   maintain a proper lookout, and failed to maintain proper control of his vehicle in such a

21   manner as to avoid striking Plaintiff.

22

23

COMPLAINT FOR DAMAGES RESULTING
FROM PERSONAL INJURIES -- Page 5

SMITH │ ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

4.5     As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff was injured.

4.6     Plaintiff suffered physical, mental, temporary, and permanent injuries.

4.7     Plaintiff has received medical care and treatment for the injuries he sustained in the above-mentioned collision.

4.8     As a result of the collision, Plaintiff has lost earnings and impaired future earning capacity that will continue to exist for an indefinite period of time.

4.9     Plaintiff has also been rendered highly susceptible to further injury in the future, which susceptibility will persist for an indefinite period of time, if not permanently.

4.10    The extent of Plaintiff's injuries and damages are unknown at this time, but will be proven at the time of trial.

4.11    Plaintiff incurred medical treatment because of the injuries he sustained in the above-mentioned collision in excess of $350,000.00, which was reasonable and necessary.

4.12    Defendant Carter was employed by Defendants and was acting within the scope and course of his employment when his vehicle came into contact with Plaintiff Buffum.  As such, the Defendants are responsible for Defendant Carter's negligence and associated damages per the Doctrine of Respondent Superior and Agency.

4.13    The damages and injuries sustained by Plaintiff as a result of Defendants' negligence are indivisible and inseparable; therefore, the Defendants are jointly and severally liable.

## V.    SECOND CAUSE OF ACTION - LOSS OF CONSORTIUM

5.1     Plaintiffs reallege and incorporate paragraphs 1.1 through 4.13 above.

COMPLAINT FOR DAMAGES RESULTING
FROM PERSONAL INJURIES – Page 6



SMITH | ALLING PS
ATTORNEYS AT LAW
1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

5.2     As a direct and proximate result of the negligence of the Defendants, Plaintiffs John Buffum and Kristine Buffum have lost the love, care, comfort, support and society of each other constituting a loss of consortium.   As a result of the loss of consortium, Plaintiffs have suffered and will continue to suffer damages in an amount which will be proven at the time of trial.

## VI.   PRAYER FOR RELIEF

WHEREFORE, having alleged causes of action against Defendants, jointly and severally, Plaintiff respectfully requests the court grant the following relief:

1.      For judgment in such amount as shall be proven at the time of trial for general and special damages;

2.      For judgment in such amount as shall be proven at the time of trial for Plaintiff Kristine Buffum's loss of consortium.

3.      For prejudgment interest at the statutory rate on all items of special damages, including without limitation, expenses of medical care and treatment, wage loss and lost opportunities, and for future medical treatment;

4.      For an award of attorney's fees and costs incurred herein;

5.      For such other and further relief as the Court deems just and equitable.

DATED this _28th_ day of August, 2015.

SMITH ALLING, P.S.

By 

Michael E. McAleenan, WSBA #29426
Attorney for Plaintiff

COMPLAINT FOR DAMAGES RESULTING
FROM PERSONAL INJURIES -- Page 7



1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123

1

## CERTIFICATION

2        JOHN BUFFUM, deposes and states as follows:

3        That I am the Plaintiff above-named, that I have read the foregoing Complaint for
Damages Resulting From Personal Injuries and believe the same to be true and correct to the

4    best of my knowledge and belief.

5        I certify, under penalty of perjury, that the foregoing statement is true and correct
under the laws of the State of Washington.

6

7    8·27-15    1702 XINFIEW
DATE AND PLACE OF SIGNING    BREMERTON    JOHN BUFFUM

8

9

10

11

12    9557 01 q9232601 8/27/15

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DAMAGES RESULTING
FROM PERSONAL INJURIES – Page 8

SMITH   ALLING ps
ATTORNEYS AT LAW

1501 Dock Street
Tacoma, Washington 98402
Telephone: (253) 627-1091
Facsimile: (253) 627-0123